NIGHT BOX
FILED
NOV 03 1999
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

99-10096

CIV-KING

| | |
|---|---|
| KEYS FISHERIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MAERSK, INC.; DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE; SEASIDE TRUCKING INC.; SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC.; and CONCEPCION ANOTONIO ACOSTA, individually,<br><br>Defendants. | MAGISTRATE JUDGE O'SULLIVAN<br><br>CASE NO. |

NOTICE OF REMOVAL

COME NOW Defendants, DAMPSKIBBSELSKABET AF 1912 AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSELSKABET SVENBORG d/b/a MAERSK LINE, by and through their undersigned counsel, and hereby remove the above-styled cause from the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida and in support thereof, Defendant would show unto the court as follows:

1. That the amount in controversy in this action exceeds the sum of $100,000.00 exclusive of interest and costs.

2. That Plaintiff, KEYS FISHERIES, INC., is a corporation organized and existing under and by virtue of the laws of the State of Florida and maintains its principal place of business in Monroe County, Florida

3. That Plaintiff has sued all of the Defendants for damages related to the carriage of certain seafood products from Marathon, Florida to Taiwan

4. That this action is governed by the Carriage of Goods by Sea Act, the Harter Act, the Interstate Commerce Act, and/or the Pomerene Act, all being Federal legislation regulating commerce within the meaning of §1337 and as such within the original jurisdiction of this Court. See, Uncle Ben's International v. Hapag-Lloyd, 855 F.2d 215 (5th Cir. 1988).

5. That this Notice of Removal has been filed within 30 days after the filing of the Complaint and is therefore proper within the provisions of 28 U.S.C. 1337 and 1441.

6. That Defendant has attached hereto copies of all pleadings on file in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, which consists of the Complaint.

Respectfully submitted,

Allan R. Kelley
Fla. Bar No. 309893

FOWLER, WHITE, BURNETT, HURLEY,
BANICK & STRICKROOT, P.A.
NationsBank Tower, 17th Floor
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

CASE NO.

## AFFIDAVIT

STATE OF FLORIDA )
)
COUNTY OF MIAMI-DADE )

BEFORE ME, the undersigned authority, personally appeared ALLAN R. KELLEY, who, upon being duly sworn, deposes and states that he is a Member of the FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A., firm, attorneys for Defendants DAMPSKIBBSELSKABET AF 1912 AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSELSKABET SVENBORG d/b/a MAERSK LINE, in the aforesaid Notice of Removal; that he has authority to make this Affidavit; that he has read the foregoing Notice of Removal and knows the contents thereof; that the matters therein mentioned are true and correct to the best of his knowledge, information and belief.

Allan R. Kelley

SWORN TO AND SUBSCRIBED before me this 3rd day of November, 1999 by Allan R. Kelley ☒ who is personally known to me.

Notary Public, STATE OF FLORIDA

*Print Name:* NANCY C. SAHARI

My Commission Expires:

OFFICIAL NOTARY SEAL
NANCY C. SAHARI
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO.
MY COMMISSION EXP.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 3rd day of November, 1999 to Robert Lamar Bell, Esq., 10800 S.W. 62nd Avenue, Miami, FL 33156.

By: Allan R. Kelley

JAN-17-0000 15:32 FROM ROBERT LAMAR BELL TO 3057899201 P.02

98-14/Complaint

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY, FLORIDA

CAM 99 251

KEYS FISHERIES, INC.,

Plaintiff,

vs.

MAERSK INC., DAMPSKIBSSELSKABET AF 1912,
AKTIESELSKAB AND AKTIESELSKABET
DAMPSKIBSSEL SKABET SVENDBORG
d/b/a MAERSK LINE; SEASIDE TRUCKING, INC.;
SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC.
and CONCEPCION ANOTONIO ACOSTA, individually,

Defendants

_______________________________________/

## COMPLAINT

COMES NOW the Plaintiff KEYS FISHERIES, INC. in its own right and for the use and benefit of Certain Underwriters at Lloyd's of London as subrogees and sues the Defendants MAERSK INC.; DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE; SEASIDE TRUCKING, INC.; SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC. and CONCEPCION ANOTONIO ACOSTA, individually and alleges:

## COMMON ALLEGATIONS

1. That at all times hereinafter mentioned the Plaintiff was and still is a

Florida corporation authorized to transact business with its principal place of business in Marathon, Florida.

2. At all times hereinafter mentioned, the Defendants MAERSK INC. and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE were foreign corporations and were engaged in business in Florida and in Dade and Monroe Counties.

3. At all times material hereto, the Defendants SEASIDE TRUCKING, INC. and SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC. were Florida Corporations engaged in business in Florida and in Dade in and Monroe Counties.

4. The Defendant CONCEPCION ANTONIO ACOSTA is an individual and at all times material hereto was engaged in business in Florida and in Dade and Monroe Counties.

5. This is an action within this Court's jurisdictional amount as the amount in controversy exceeds $15,000.00 exclusive of interest, costs, and attorney's fees.

6. This Court has jurisdiction of the subject matter.

**COUNT I**
**BAILMENT**



ROBERT LAMAR BELL, ATTORNEY AT LAW, 10800 S.W. 62ND AVENUE, MIAMI, FLORIDA 33156 • TELEPHONE (305) 662-1073

JAN-17-0000 15:33 FROM OBERT LAMAR BELL TO 3057899201 P.04

7. The Defendants MAERSK INC. and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE were interested in attracting shipping business at the Port of Miami and other ports.

8. In order to induce the Plaintiff to do business with the Defendants MAERSK INC. and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE, these Defendants made arrangements to pick up a shipment of 1,690 cases of frozen Florida lobster from the Plaintiff at Marathon, Florida to be brought to the Port of Miami for shipment with the Defendants MAERSK INC. and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE.

9. The Defendants MAERSK INC. and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE without consulting the Plaintiff as to this choice selected the Defendants SEASIDE TRUCKING, INC. and SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC. to pick up Plaintiff's 1,690 cases of frozen Florida lobster at Marathon, Florida.

## MISDELIVERY

16. Additionally and/or alternatively, the Defendants misdelivered the Plaintiff's 1,690 cases of frozen Florida lobster to persons not entitled thereto who were not lawfully entitled to the possession of the merchandise within the meaning of 49 U.S.C. Appx., Section 90 (The Bills of Lading Act).

17. The Defendants are strictly and fully liable pursuant to Section 90 cited above for all damages as stated above resulting from such misdelivery.

## COUNT III
## NEGLIGENCE

18. Additionally and/or alternatively, the Defendants were negligent in making and/or handling the arrangements to pick up the Plaintiff's high-value merchandise consisting of 1,690 cases of frozen Florida lobster in that the usual security escort was not specified or provided.

19. Moreover, the Defendants negligently failed to take any other effective security measures.

20. The Defendants MAERSK INC. and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE negligently selected SEASIDE TRUCKING, INC. and SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC.



ROBERT LAMAR BELL, ATTORNEY AT LAW, 10800 S.W. 62ND AVENUE, MIAMI, FLORIDA 33156 • TELEPHONE (305) 662-1073

which were grossly under insured, not financially responsible, and not suitable for picking up such high value merchandise.

21. The Defendants SEASIDE TRUCKING, INC. and SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC. negligently subcontracted with CONCEPCION ANTONIO ACOSTA who was also grossly under insured, not financially responsible, and not suitable for picking up such high value merchandise and without providing for a relief driver or assistant.

22. The Defendants MAERSK INC. and DAMPSKIBSSELSKABET AF 1912, AKTIESELSKAB AND AKTIESELSKABET DAMPSKIBSSEL SKABET SVENDBORG d/b/a MAERSK LINE negligently failed to supervise and oversee the activities of the Defendants SEASIDE TRUCKING, INC. and SEASIDE TRANSPORT, INC. d/b/a SEASIDE TRUCKING, INC. which also negligently failed to supervise and oversee the activities of CONCEPCION ANTONIO ACOSTA.

23. The Defendant CONCEPCION ANTONIO ACOSTA negligently stopped along the Florida Turnpike in southern Dade County when his truck was fully operable and where stopping is prohibited unless a vehicle is disabled.

24. The Defendant CONCEPCION ANTONIO ACOSTA reported that his truck and the Plaintiff's merchandise were stolen under these circumstances on

August 15, 1996 when he had negligently failed to proceed with the transportation to the Port of Miami, had negligently failed to keep a lookout and to safeguard the merchandise, and had negligently failed to stop at appropriate available facilities if he needed a rest stop.

## COUNT IV
## GROSS NEGLIGENCE

25. Additionally and/or alternatively, the Defendants were grossly negligent as stated above and had a callous disregard for the Plaintiff's property.

26. Further, the Defendants were wilful, wanton, and reckless in their handling of the Plaintiff's property and in making arrangements to transport the Plaintiff's merchandise from Marathon to the Port of Miami, resulting in the loss as stated above.

## COUNT V
## CIVIL THEFT

27. Additionally and/or alternatively, the Defendants were involved in a civil theft under Florida Statute Sections 812.035, etc. by allowing the merchandise to be stolen and by thereafter failing to account for the merchandise or to reimburse the Plaintiff for the net loss.

28. The Defendants failed to provide any escort or any other security as

required for this high value shipment, leaving the cargo fully exposed to loss in a very high-risk situation.

29. Further, the truck which was being utilized by the Defendants voluntarily stopped and interrupted the transportation, allowing the cargo to be "stolen."

30. The Defendants are jointly and severally responsible for the circumstances of the loss as the truck and its driver were responsible and were also acting for the other Defendants who were altogether responsible for the transportation arrangements including security.

31. The Plaintiff is therefore entitled as a matter of law to recover treble damages in the amount of approximately $645,315.87 from the Defendants for this civil theft in addition to the principal loss in the amount of $215,105.29 for a total of $860,421.16 plus prejudgment interest, costs, and attorney's fees. See, for example, Alvarez v. Striegel, 471 So.2d 1356 (Fla. App., 3rd Dist., 1985) and Aagaard-Juergensen, Inc. v. Lettelier, 579 So.2d 404 (Fla. App., 5th Dist., 1991).

32. The Defendants have received prior notification of this claim as required by law.

WHEREFORE, Plaintiff demands judgment for damages against the Defendants plus prejudgment interest, costs, attorneys fees, and such other damages as are allowed by law as well as trial by jury of all issues which may be tried by



ROBERT LAMAR BELL, ATTORNEY AT LAW, 10800 S.W. 82ND AVENUE, MIAMI, FLORIDA 33156 • TELEPHONE (305) 662-1073

jury.

**DATED** this 5[th] day of Octember, 1999.

BY: Robert Lamar Bell

ROBERT LAMAR BELL
Attorney for the Plaintiff
10800 S.W. 62nd Avenue
Miami, Florida 33156-4023
Tel. (305)662-1073, Fax (305)662-4961
Florida Bar #107204

# CIVIL COVER SHEET

99-10096

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-KING

MAGISTRATE JUDGE O'SULLIVAN

NIGHT BOX FILED NOV 03 1999 CLARENCE MADDOX CLERK, USDC/SDFL/MIA

**(a) PLAINTIFFS**

KEYS FISHERIES, INC.

**DEFENDANTS**

MAERSK INC., ETC., ET AL.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______ (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ______ (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

10 Key West 4:99cv10096 King/O'Sullivan

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert Lamar Bell, 10800 S.W. 62nd Ave., Miami, Florida 33156 ~~Tel: 305-662-1073~~

ATTORNEYS (IF KNOWN)

Allan R. Kelley, FOWLER, WHITE, et al., S.E. Second St., 18th Floor, Miami, Florida 33131 ~~Tel: 305-789-9208~~

(d) CIRCLE COUNTY WHERE ACTION AROSE:

DADE, (MONROE), BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

IVa. 2 days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☑ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- B ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- * ☐ 530 General
- ☐ 535 Death Penalty
- * ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

*A or B

**B FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- B ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- B ☐ 791 Empl. Ret. Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- * ☐ 890 Other Statutory Actions

*A or B

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

*Check YES only if demanded in complaint:* **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ______ DOCKET NUMBER ______

None

DATE 11-3-99

SIGNATURE OF ATTORNEY OF RECORD Allan R. Kelley [signature]

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. 811767 Amount: 150.00

Date Paid: 11/04/99 M/ifp: ______